**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.:** |
| **v.** | ) ) ) | **COMPLAINT** |
| **BESTBET JACKSONVILLE, INC.** | ) ) | **JURY TRIAL** |
| **Defendant.** | ) ) | |
| _____ | ) | |

## NATURE OF THE ACTION

This is an action under the Pregnant Worker's Fairness Act ("PWFA"), 42 U.S.C. § 2000gg-2000gg-6. Plaintiff, the U.S. Equal Employment Opportunity Commission alleges that Defendant BestBet Jacksonville, Inc. ("BestBet"), discriminated against Charging Party and a class of female employees from at least April 2024 to the present by failing to reasonably accommodate them in violation of the PWFA and by terminating and/or constructively discharging them.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 104(a) of the PWFA, 42 U.S.C. §2000gg-2(a), which incorporates by reference Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

1

2.     Venue is proper because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

**PARTIES**

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the PWFA, and is expressly authorized to bring this action by Section 104(a) of the PWFA, 42 U.S.C. §2000gg-2(a), which incorporates by reference Section 706(f)(1) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.     The Defendant BestBet, a Florida corporation, owns and operates a poker room in, among other locations, Jacksonville Florida.

5.     At all relevant times, BestBet has continuously been doing business in the State of Florida and the City of Jacksonville and has continuously had at least 15 employees.

6.     At all relevant times, BestBet has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h), and a covered entity under Section 102(2)(B)(i) of the PWFA, 42 U.S.C. § 2000gg(2)(B)(i).

## <u>ADMINISTRATIVE PROCEDURES</u>

7.     More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge with the Commission against BestBet alleging discrimination in violation of the PWFA.

8.     The Commission sent BestBet notice of Charging Party's discrimination charge.

9.     On July 2, 2025, the Commission issued to BestBet a Letter of Determination finding reasonable cause to believe that it discriminated against Charging Party and a class of female employees in violation of the PWFA and inviting to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     The Commission engaged in communications with BestBet to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

11.     The Commission was unable to secure from BestBet a conciliation agreement acceptable to the Commission.

12.     On August 5, 2025, the Commission issued to BestBet, a Notice of Failure of Conciliation advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

13.     All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

14.    BestBet operates a poker room in Jacksonville, Florida.

15.    Charging Party began working for BestBet in September 2022.

16.    In early January 2025, Charging Party worked part time.

17.    At this time, Charging Party was pregnant. As a result of her pregnancy, she was suffering from a form of low blood pressure that causes dizziness and fainting and a subchorionic hematoma that can cause loss of the pregnancy. Charging Party's doctor characterized Charging Party's pregnancy as "high-risk."

18.    Charging Party called out sick on January 5, 11, and 12, 2025 due to pregnancy-related impairments and symptoms she was experiencing.

19.    At the time, Charging Party did not qualify for leave under the Family Medical Leave Act.

20.    Charging Party advised a BestBet Human Resources representative that she was pregnant, and her physician advised her to take-off a short time from work to reduce the amount of her standing.

21.    On January 17, Charging Party provided BestBet a doctor's note explaining the high-risk pregnancy and Charging Party's medical conditions, including low blood pressure, and clearing her to return to work January 26, 2025.

22.    Had BestBet permitted Charging Party to return to work, she would have missed a total of six shifts.

23.    Instead, BestBet told Charging Party that she could not return to work because the company had a strict policy: if an employee misses more than two weeks

and they do not qualify for leave under the Family Medical Leave Act, they must resign.

24.     Charging Party explained her pregnancy and related medical conditions to BestBet, but the company would not provide any accommodations.

25.     Charging Party attempted to return to work on January 26, 2025, but her supervisor told her she could not work.

26.     In addition to Charging Party, other women requested reasonable accommodations for pregnancy, childbirth or related medical conditions from approximately April 2024 to the present.

27.     BestBet denied all accommodation requests unless the individual qualified for leave under the Family Medical Leave Act.

28.     For example, another female employee requested leave for childbirth, but BestBet forced her to resign.

29.     BestBet did not engage Charging Party, or any other woman, in an interactive process concerning their requests for accommodations; instead, BestBet maintained a blanket policy prohibiting reasonable accommodations under the Pregnant Workers Fairness Act.

30.     As a result of BestBet's unlawful employment practices, Charging Party and other female employees suffered damages.

**STATEMENT OF CLAIMS**

**COUNT I**

***Failure to Accommodate Charging Party and the Class Under the PWFA***

5

27.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-26 of this Complaint as fully set forth herein.

28.     Charging Party and other aggrieved female employees suffered from known limitations related to, affected by, or arising out of pregnancy, childbirth or related medical conditions.

29.     Charging Party and other aggrieved female employees informed defendant of their pregnancy, childbirth, or pregnancy-related medical condition(s) and requested, as a reasonable accommodation, a short leave of absence or other accommodation.

30.     Charging Party and a class of similarly aggrieved female employees were qualified employees under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), because they could perform the essential functions of the job with or without an accommodation.

31.     Defendant has intentionally discriminated against Charging Party and a class of similarly aggrieved female employees by failing to accommodate known limitations related to, affected by, or arising out of their pregnancy, childbirth, or pregnancy related medical conditions, in violation of the PWFA, 42 U.S.C. § 2000gg – 2000gg(6).

32.     The unlawful employment practices complained of in paragraphs 1-26 were intentional and done with malice or with reckless indifference to the federally

protected rights of Charging Party and of a class of similarly aggrieved female employees.

## COUNT II

*Termination/Constructive Discharge of Charging Party And the Class Under the PWFA*

33.     Plaintiff repeats, re-alleges, and incorporates by reference the allegations in paragraphs 1-26 of this Complaint as fully set forth herein.

34.     Charging Party and other aggrieved female employees suffered from known limitations related to, affected by, or arising out of pregnancy, childbirth or related medical conditions.

35.     Charging Party and other aggrieved female employees informed BestBet of their pregnancy, childbirth, or pregnancy-related medical condition.

36.     Charging Party and a class of similarly aggrieved female employees were qualified employees under Section 102(6) of the PWFA, 42 U.S.C. § 2000gg(6), because they could perform the essential functions of the job with or without a reasonable accommodation.

37.     Defendant has intentionally discriminated against Charging Party and a class of similarly aggrieved female employees by terminating and/or constructively discharging them because of the need to make reasonable accommodations and/or because they requested a reasonable accommodation.

38.     The unlawful employment practices complained of in paragraphs 1-26 were intentional and done with malice or with reckless indifference to the federally

protected rights of Charging Party and of a class of similarly aggrieved female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from failing or refusing to make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of qualified applicants or employees;

B.    Grant a permanent injunction enjoining Defendant, its officers, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating on the basis of pregnancy, childbirth, or related medical condition by terminating employees and/or forcing them to resign because of the need for an accommodation or a request for accommodation;

C.    Order Defendant to make whole Charging Party and the class who were adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices including but not limited to, back pay;

D.    Order Defendant to make whole Charging Party and the class by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, mental anguish, and inconvenience in amounts to be determined at trial.

E.      Order Defendant to pay Charging Party and the class punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest; and

G.      Award the Commission is costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Date: March 31, 2026                    Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

s/Kristen Foslid
KRISTEN M. FOSLID
Regional Attorney
Florida Bar No. 0688681
Kristen.Foslid@eeoc.gov
Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
T: (786) 648-5835| F: (305) 808-1835

*Counsel for Plaintiff*, EEOC